UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Farnam Street Financial, Inc., a Minnesota corporation,<br><br>                Plaintiff,<br><br>v.<br><br>FabFad2020, Inc., a Delaware corporation,<br><br>                Defendant. | Case No_____<br><br><br>**COMPLAINT** |

For its Complaint against Defendant FabFad2020, Inc., ("FabFad" or "Lessee"), Plaintiff Farnam Street Financial, Inc. ("Farnam Street") states and alleges as follows:

## THE PARTIES

1. Farnam Street is a Minnesota corporation with its corporate headquarters and principal place of business located in Hennepin County, Minnesota at 5850 Opus Parkway, Minnetonka, Minnesota 55343. Farnam Street is engaged in the business of equipment leasing.

2. Farnam Street's employees are located in Minnesota, all of its offices are located in Minnesota, all of its lease contracts are delivered to Farnam Street in Minnesota, and all lease payments are made to Farnam Street (or its bank) in Minnesota.

3. FabFad2020, Inc., formerly known as FabFad, Inc., is a Delaware corporation with its principal place of business located in Los Angeles, California.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there exists complete diversity of citizenship between Farnam Street and FabFad, and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

5. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. Additionally, the parties contractually agreed to venue in this district.

## FACTUAL BACKGROUND

6. In December 2018, Farnam Street and FabFad entered into an equipment lease agreement identified as Lease Agreement Number FA121118 ("Lease Agreement"). A true and correct copy of the Lease Agreement is attached hereto as **Exhibit A**.

7. In connection with the Lease Agreement, Farnam Street and FabFad executed Lease Schedule No. 001R ("Schedule 1R"), a true and correct copy of which is attached hereto as **Exhibit B**.

8. Pursuant to the terms of Schedule 1R, Farnam Street and FabFad committed to leasing $312,000 worth of equipment for a period of 24 months in exchange for, among other things, payment of monthly lease charges. FabFad is obligated to select and install the equipment.

9. Pursuant to its terms and absent Farnam Street's agreement otherwise, Schedule 1R's 24-month term does not commence until FabFad satisfies its commitment to select and install $312,000 worth of equipment.

10. As of the date of this filing, FabFad has failed to satisfy its commitment under Schedule 1R as it has only selected and installed $265,783.46 worth of equipment ("Equipment") identified on the certificates of acceptance attached hereto as **Exhibit C.**

11. Until such time as Schedule 1R commences, the Lease Agreement provides that the monthly lease charge "will be prorated and charged as interim rent" from the date a piece of equipment is installed and the commencement date of Schedule 1R.

12. FabFad has been obligated to pay interim rent to Farnam Street based on the amount of Equipment selected by FabFad. The current monthly interim rent amount is $12,027.98, inclusive of sales and use taxes.

13. In connection with Schedule 1R, FabFad provided a security deposit in the amount of $12,733.96, returnable to FabFad if there has been no event of default.

14. Pursuant to Paragraph 16(1) of the Lease Agreement, non-payment of monthly lease charges, including interim rent, that continues for a period of ten (10) days from the due date is defined as an "Event of Default."

15. FabFad has caused multiple Events of Default by failing to pay monthly interim rent within ten (10) days from when such charges became due. Specifically, FabFad is more than 18 months past-due on its monthly interim rent obligations.

16. Pursuant to Paragraph 17 of the Lease Agreement, as a result of the Events of Default caused by FabFad, Farnam Street is entitled to, among other things: (i) recover all accrued and unpaid lease charges and other amounts due and owing under the Lease Agreement and Schedule 1R, (ii) accelerate and recover the present value of future lease charges and other amounts likely to become due under the Lease Agreement; and

(iii) recover the Casualty Loss Value (as defined in the Lease Agreement) of the Equipment.

17. FabFad is obligated to pay Farnam Street for all costs, expenses, and fees (including attorneys' fees) incurred by Farnam Street in seeking to enforce its rights and remedies resulting from the Events of Default. Farnam Street has incurred and continues to incur costs, expenses, and attorneys' fees as a result of FabFad's Events of Default.

18. Farnam Street is also entitled to recover Late Charges (as defined in the Lease Agreement) computed on any past due amount on the date such payment is due and every thirty (30) days thereafter until all past due amounts are paid in full.

19. As of February 8, 2021, the total amount recoverable by Farnam Street from FabFad under Paragraph 17 of the Lease Agreement is $545,370.74.

## COUNT I
## BREACH OF CONTRACT

20. Farnam Street realleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully restated herein.

21. FabFad has failed to pay monthly lease charges in accordance with the terms of the Lease Agreement and Schedule 1R. Such nonpayment has lasted for more than ten (10) days since the applicable due dates, thus constituting an Event of Default and breach of the Lease Agreement.

22. FabFad's breach of the Lease Agreement is the cause of damages to Farnam Street, entitling it to the relief provided for in the Lease Agreement and as set forth below, including recovery of all amounts owed under the Lease Agreement and Schedule 1R.

4

## COUNT II
## DECLARATORY JUDGMENT

23. Farnam Street realleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully restated herein.

24. Pursuant to the Lease Agreement, Farnam Street received a security deposit, which is returnable to FabFad pursuant to Schedule 1R "[p]rovided that there has been no event of default."

25. FabFad has committed multiple Events of Default, thus creating an actual and live controversy between the parties with respect to the security deposit.

26. Farnam Street is entitled to a declaration that it is entitled to retain as income the security deposit.

## COUNT III
## REPLEVIN

27. Farnam Street realleges and incorporates by reference each of the preceding paragraphs of this Complaint as if fully restated herein.

28. Pursuant to the terms of the Lease Agreement, Farnam Street leased the Equipment to FabFad.

29. At all times relevant hereto, the leased Equipment has been, and remains, the sole and exclusive property of Farnam Street.

30. The Lease Agreement provides that Farnam Street is entitled to recover possession of its leased Equipment upon the occurrence of an Event of Default.

31. FabFAd has committed multiple Events of Default by failing to pay monthly lease charges within ten (10) days when due, thereby entitling Farnam Street to prejudgment recovery and possession of its Equipment.

## REQUEST FOR RELIEF

WHEREFORE, Farnam Street prays for judgment as follows:

1. Awarding damages in the total amount of $545,370.74, plus other amounts due under the Lease Agreement and Schedule 1R in favor of Farnam Street and against FabFad.

2. Awarding prejudgment interest in favor of Farnam Street and against FabFad at the maximum rate allowed by law;

3. Awarding Farnam Street its costs, expenses, and fees (including attorneys' fees) incurred in pursuing this action and in dealing with the Events of Default committed by FabFad, as provided for in the Lease Agreement, and as otherwise allowed by law;

4. Declaring that Farnam Street is entitled to retain the security deposit provided by FabFad in connection with Schedule 1R;

5. Authorizing Farnam Street to employ any and all legal means to recover its Equipment;

6. Ordering that FabFad return the leased Equipment to Farnam Street; and

7. Awarding Farnam Street such other relief as the Court deems just and equitable.

CORE/2054069.0160/164889628.1

Dated:  February 16, 2021        /s/ Phillip J. Ashfield
                                  Phillip J. Ashfield (#0388990)
**STINSON LLP**
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500
Phillip.Ashfield@stinson.com

**ATTORNEYS FOR FARNAM STREET FINANCIAL, INC.**

7

CORE/2054069.0160/164889628.1